## D. M. Thompson v. The City of Emporia *et al.*

**No. 599.**  ( 60 Pac. 480.)

Office and Officers — *Qualifications — Discharged Soldiers.* The plaintiff, the defendant T. and another person were applicants for appointment as assistant engineer of the water-works belonging to the city of Emporia, the plaintiff being generally qualified for the position, and specially qualified within the provisions of chapter 160, Laws of 1886, entitled "An act relating to appointment and employment of persons who served and have been honorably discharged from the army and navy of the United States." In disregard of the plaintiff's superior claims the mayor and council appointed T. to the position, and three days thereafter the plaintiff brought this action to restrain T. from acting as such engineer and the mayor and council from paying him for his services, and also to obtain a mandatory injunction commanding the mayor and council to appoint the plaintiff to said position. The petition alleged the foregoing facts and that T. was not qualified within the provisions of the said act. A general demurrer to the petition was sustained. *Held,* that the trial court did not err in sustaining the demurrer.

Error from Lyon district court; W. A. Randolph, judge. Opinion filed March 19, 1900. Affirmed.

*Buck & Spencer*, and *J. G. Wood*, for plaintiff in error.

*W. T. McCarty*, city attorney, *L. B. & J. M. Kellogg*, for defendants in error.

The opinion of the court was delivered by

Milton, J. : This action was brought by the plaintiff in error against the city of Emporia, its mayor, clerk, and councilmen, and one Owen Thomas, to restrain Thomas from entering upon or further prosecuting or discharging or attempting to discharge the duties of assistant engineer of the water-works belonging to the said city, and to restrain the city offi-

cers from auditing or allowing any claim of said Thomas for services in the capacity named, and to procure a mandatory injunction commanding the mayor and council to appoint the plaintiff to the position named. The action is based upon the provisions of section 1, chapter 160, Laws of 1886 (Gen. Stat. 1899, § 6318), which reads:

"In grateful recognition of the services, sacrifices and sufferings of persons who served in the army and navy of the United States in the war of the rebellion, and have been honorably discharged therefrom, they shall be preferred for appointment and employment to positions in every public department, and upon all public works of the state of Kansas, and of the cities and towns of this state, over other persons of equal qualifications; and the persons thus preferred shall not be disqualified from holding any position in said service on account of his age, nor by reason of any physical disability, provided such age or disability does not render him incompetent to perform the duties of the position applied for."

The petition, which was filed on January 9, 1896, sufficiently alleged the plaintiff's general qualifications to fill the position sought, and also his special qualifications within the terms of the statute; that the defendant Owen Thomas had not served in the army or navy of the United States; "that on January 6, 1896, at a regular meeting of the city council of said city, duly convened in session, this plaintiff applied to said council, which had the power of selecting a person for said position, for the position, office, place and employment of assistant engineer of and at the water-works of said city." The plaintiff averred that he was the only person possessing said qualifications and being so as aforesaid honorably discharged, who did apply to said council for said position, save one Eli W. Flenner, who had withdrawn all claim to such

place in favor of the plaintiff; and that said mayor and councilmen, with full knowledge of the foregoing facts, unlawfully and corruptly refused to appoint the plaintiff to the said position and unlawfully and corruptly appointed said Owen Thomas.

To this petition the defendants demurred on the grounds that the plaintiff had no legal capacity to sue and that the petition did not state facts sufficient to constitute a cause of action. The demurrer was sustained and judgment entered in favor of the defendants for costs. The plaintiff below alleges error in the ruling and judgment of the court.

The case has been very ably briefed and we have considered with much care the questions which have been discussed by counsel. It appears, however, that the decision of the trial court must be sustained for reasons not involving a discussion of those questions. In the first place the petition indicates that Eli W. Flenner, who was an applicant for the position of assistant engineer on January 6, 1896, possessed the same qualifications as the plaintiff. Hence it cannot be positively ascertained from the petition that the plaintiff would have been appointed even if Thomas had not been chosen.

Again, since the position in question, although alleged in the petition to be an office, was in fact not an office in the true sense of that term, let it be assumed, without deciding, that an injunction might properly have issued to prevent the defendant Thomas from acting as assistant engineer, and the mayor and council from recognizing him as holding such position. Such injunction could have been granted only on the theory that under the facts alleged the action of the mayor and council was void, or at least clearly voidable, because in violation of the statute. Hence,

if the injunction had been granted, its effect would have been to vacate the position of assistant engineer. As a result, the duty would have devolved upon the mayor and council to meet and appoint some person to fill the vacancy, and in doing so they would have been free to choose from among applicants possessing sufficient and suitable qualifications. In that event plaintiff might not have renewed his application, or, if he had done so, some other honorably discharged soldier of the civil war, possessing equal general qualifications, might legally have been chosen instead of plaintiff. The petition therefore does not show that the plaintiff was entitled to the relief demanded and that he had a direct pecuniary interest in the action. We are inclined to the view that the true remedy for the violation of the statute before us is pointed out by the statute itself—that is, the punishment of its violators as for a misdemeanor.

The judgment of the district court will be affirmed.